NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | **Criminal Action No. 17-431 (SRC)** |
| v. | : : : | **OPINION** |
| KASTLER CHERISME | : : : : |  |

**CHESLER**, District Judge

This matter comes before the Court on a motion filed by Defendant Kastler Cherisme ("Defendant" or "Cherisme") for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). The United States of America opposes the motion. The Court, having considered the papers filed by the parties, proceeds to rule on the motions without oral argument. For the reasons that follow, the Court will deny Defendant's motion.

**I.    Background**

On June 24, 2017, Newark police officers were approached by a citizen ("informant") who informed them that there was "a black Crown Victoria bearing New Jersey license [plates with a specific number] in the area, and the male driver, who is heavy set with a beard, ha[d] and a handgun in his possession at all times." (ECF No. 21-1 Exhibit A). The informant "wished to remain anonymous due to possible retaliation." (ECF No. 21-1 Exhibit A). Shortly thereafter, in the same area, the officers noticed a black Crown Victoria with the same license plates described by the informant. (ECF No. 21-1 Exhibit A). The officers effectuated a motor vehicle stop. They approached the car, which had tinted windows, and instructed the driver, Cherisme, to roll down

all windows for officer safety. Immediately, they smelled a strong odor of marijuana. Additionally, one officer could see into an unzipped backpack and saw what he suspected were zip-loc bags of marijuana. (ECF No. 21-1 Exhibit A). The officers removed Cherisme from the vehicle and arrested him without incident. A search incident to the arrest revealed marijuana, oxycodone pills, and a loaded handgun. (ECF No. 21-1 Exhibit A).

On October 5, 2018, Defendant filed a motion to suppress the evidence recovered from the traffic stop. Defendant's theory was that the anonymous informant's uncorroborated tip was not a sufficient basis to stop his vehicle, and therefore the stop violated the Fourth Amendment. (ECF No. 21). The Court denied the motion. (ECF No. 26). Because the officers had observed Cherisme's windows were tinted, they had reasonable suspicion to conclude he was in violation of N.J.S.A. 39:3-75 which bans such windows. The stop was legal regardless of whether the officers had alternative motives for stopping the car. Therefore, the adequacy of the informant's tip was irrelevant. (ECF No. 26).

On May 31, 2019, a federal grand jury charged Defendant in a second superseding indictment (ECF No. 60) with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1), possession with intent to distribute oxycodone, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count 2), and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(D) (Count 3). A jury convicted Defendant of all counts on June 17, 2019. (ECF No. 72, 74). The Court sentenced Defendant to concurrent terms of 110 months on Counts 1 and 2, and a concurrent term of 60 months for Count 3. (ECF No. 89). The Defendant appealed his conviction, and the Third Circuit affirmed the conviction. United States v. Cherisme, 854 Fed. App'x 447 (3d Cir. 2021).

On September 26, 2022, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582. Defendant argues he should be granted compassionate release for three reasons. First, Defendant argues that New Jersey's amended marijuana laws, passed after Defendant's arrest and conviction, impact his conviction. He argues that new laws would have required the police to independently verify the credibility of the informant's tip. Furthermore, he argues that new laws would have prevented the police report from including facts related to marijuana, which in turn, would have prevented the inclusion of the marijuana charge in the second superseding indictment. (ECF No. 109 at 3-4). Second, Defendant argues his prison conditions, particularly the risks posed by COVID-19, justify compassionate release. (ECF No. 5-7). Third, Defendant argues his post-conviction rehabilitation and education efforts justify relief. (ECF No. 7). The United States opposes the motion, arguing Defendant has failed to exhaust administrative remedies (ECF No. 4-5), Defendant has failed to present extraordinary and compelling reasons justifying release (ECF No. 6-10), and the § 3553(a) factors weigh against release (ECF No. 10-11).

**II.   Discussion**

Defendant has moved for compassionate release[1] pursuant to 18 U.S.C. § 3582(c)(1)(A). "The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the [Bureau of Prisons (BOP)] or by the defendant himself after the defendant has exhausted his or her administrative remedies."[2] United States v. Doolittle, No.

---

[1] Courts often use the terms "compassionate release" and "sentence reduction" interchangeably. Ultimately, the relief provided by § 3582 is some reduction in a moving defendant's sentence.

[2] "Until passage of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. The First Step Act created an independent avenue for defendants to seek relief from the federal courts." United States v. Peoples, No. 20-267, 2022 WL 1683719, at *1

3

19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020).  There are two ways for a defendant to meet the exhaustion requirement.  First, a defendant may "fully pursue administrative appeal of . . . BOP's decision not to file a motion on the defendant's behalf."  Id.  Or, after a defendant has made a request to the warden that BOP file a compassionate release motion, the exhaustion requirement is met after "the lapse of 30 days" from the warden's receipt of the request.  Id. (quoting 18 U.S.C. § 3582(c)(1)(A)).  Defendant bears the burden of showing the exhaustion requirement is satisfied.  United States v. Epstein, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020).

Once the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds three elements are satisfied:  "(1) there are 'extraordinary and compelling reasons' which warrant a reduction; (2) the reduction would be 'consistent with any applicable policy statements issued by the Sentencing Commission;' and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate that reducing the defendant's sentence would be appropriate."  United States v. Jones, No. 14-463, 2021 WL 3732877, at *2 (D.N.J. Aug. 24, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).  In showing "extraordinary and compelling circumstances," a defendant should show the existence of "uncommon circumstances" such that "continued imprisonment would result in a significant collateral or secondary harm to the defendant."  United States v. Andrews, 480 F. Supp. 3d 669, 684 (E.D. Pa. 2020).  The burden of making this showing lies with the defendant.  Epstein, 2020 WL 1808616, at *2.

Defendant has not shown he has satisfied the exhaustion requirement.  His brief makes no mention of the exhaustion requirement.  Nor are there facts in the brief that could enable the Court

---

(D.N.J. May 26, 2022) (quoting United States v. Ebbers, 432 F. Supp. 421, 422-23 (S.D.N.Y. 2020)).

4

to conclude Defendant made a request for BOP to file a motion on his behalf and either waited 30 days or fully pursued an administrative appeal of his request. Accordingly, the Court cannot grant Defendant's motion for compassionate release.

While this procedural failure is fatal to the motion, the Court will also briefly address the issues Defendant contends are extraordinary and compelling circumstances.[3]

First, changes in New Jersey's marijuana laws are not extraordinary and compelling circumstances. Defendant presents two arguments that New Jersey's new marijuana laws entitle him to relief. First, Defendant argues the new laws would have required the police officers to corroborate the informant's tip. Second, Defendant argues the new laws would have prevented the officers from including facts related to marijuana in their report, which would have prevented the possession with intent to distribute marijuana charge in the second superseding indictment (ECF No. 60). Preliminarily, Defendant is, through these arguments, effectively challenging his conviction. This may be done on direct appeal or through a habeas petition. It is not, however, a proper use of a § 3582 compassionate release motion. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Even if a § 3582 motion were an appropriate vehicle for challenging a conviction, both of Defendant's arguments are without merit. Regarding the anonymous tip, this Court and the Third Circuit have explained how the tinted windows on Cherisme's car provided the officers an independent justification to initiate the traffic stop. Therefore, the anonymous tip did not need to satisfy the Fourth Amendment's reasonable suspicion standard. (ECF No. 26);

---

[3] Various cases in this Court and in the Third Circuit have addressed a defendant's failure to show extraordinary and compelling circumstances after concluding the exhaustion requirement was not met. See, e.g., United States v. Banks, No. 21-2674, 2022 WL 832049 (3d Cir. Mar. 21, 2022); Peoples, 2022 WL 1683719, at *3.

5

Cherisme, 854 Fed. App'x at 448.  The authorities cited in Defendant's brief do not change this reasoning.  Nothing in Defendant's brief purports to create a heightened standard to conduct a search related to marijuana possession.  Nor is there a suggestion the authority cited by Defendant applies retroactively.[4]  (ECF No. 109 at 3 n.5).  Even if the law cited in Defendant's brief purported to establish a heightened requirement to corroborate a marijuana-related tip that applied retroactively, it still would not change the fact that the tinted windows provided an independently sufficient justification for the traffic stop.  Similarly, Defendant does not cite any authority suggesting New Jersey's marijuana laws prevent police officers from recording information about marijuana in their reports.  Nor does he cite authority suggesting such a law would apply retroactively.

Second, Defendant asserts COVID-19 has created dangerous prison conditions.  However, the Third Circuit has held "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  COVID-19, while a risk in prisons, cannot be considered an extraordinary circumstance because it impacts all inmates.  Defendant has not explained how COVID-19 presents a greater health risk to him than other inmates.  Most of Defendant's arguments are general concerns about BOP's COVID-19 response.  Defendant briefly mentions his "pre-existing medical conditions," but he has not explained what those conditions are or how they might interact with COVID-19.  (ECF No. 109 at 7).  Therefore, Defendant has not shown COVID-19 is an extraordinary and compelling circumstance justifying his release.

---

[4] Defendant was arrested on June 24, 2017 and convicted on June 17, 2019.  The marijuana laws Defendant cites were signed into law on February 22, 2021.

Third, Defendant asserts his rehabilitative and educational efforts justify compassionate release. However, Congress is clear that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Additionally, Defendant's motion does not reveal any specific educational achievements. Therefore, Defendant has not shown his rehabilitation and education are extraordinary and compelling circumstances.

Finally, the Court is not persuaded that Defendant's arguments, which are each individually insufficient to warrant relief under § 3582, together constitute extraordinary and compelling circumstances.

### III.     Conclusion

Because Defendant has failed to meet § 3582's exhaustion requirement, and because Defendant has failed to assert extraordinary and compelling circumstances, the Court will deny Defendant's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). An appropriate order will be filed.

  s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 9, 2023