**Not for Publication**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 17-431 (SRC) |
| v. | : | **OPINION & ORDER** |
| KASTLER CHERISME. | : |  |

**CHESLER**, District Judge

Before the Court is Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). (D.E. No. 124.) Defendant requests a retroactive application of sentence reduction under Amendment 821 of the U.S. Sentencing Guidelines. (D.E. No. 124 ("Def. Mov. Br.").) The Government opposes the motion (D.E. No. 125 ("Gov. Opp. Br.")), and Defendant has replied, (D.E. No. 126 ("Def. Reply Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. See Fed. R. Crim. P. 43(b)(4); United States v. Styer, 573 F.3d 151, 154 (3d Cir. 2009). For the following reasons, the Court DENIES Defendant's motion.

I.   BACKGROUND

The factual and procedural background of this case is set forth in this Court's prior Opinions, (D.E. Nos. 112, 116). In brief, on June 24, 2017, Defendant was pulled over for driving with excessively tinted windows. (Presentence Investigation Report ("PSR") ¶ 17.) As police officers approached Defendant's car, they smelled an odor of marijuana and observed Defendant attempting to conceal a bag with marijuana. (Id. ¶ 18.) Defendant was placed under arrest and a subsequent search incident to arrest of Defendant's car revealed 39 bags of marijuana and a loaded firearm. (Id. ¶ 19.) 118 oxycodone pills were found on Defendant. (Id.)

Defendant was arrested and charged locally but was released on bail. (Id. ¶ 11.) On October 16, 2017, Defendant was arrested and charged federally for possession of a firearm as a convicted felon, possession with intent to distribute oxycodone, and possession with intent to distribute marijuana. (Id. ¶ 12.) Defendant was released on bail with conditions until June 17, 2019, when a jury convicted Defendant of all counts. (PSR ¶ 14.)

At sentencing on October 2, 2019, Defendant was determined to have a total offense level of 28, six criminal history points, two status points for committing the offense while under a criminal justice sentence of supervised release following Defendant's release from a 51-month sentence, and a criminal history category of IV, resulting in a guidelines range of 110 months to 137 months. (PSR ¶¶ 43, 58-60, 106.) Defendant was sentenced to a term of imprisonment of 110 months, the bottom of the guidelines range at the time. His anticipated release date is May 11, 2027.

In 2022, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which this Court denied. (D.E. Nos. 109, 112.) In 2024, Defendant filed another motion for compassionate release, which this Court also denied. (D.E. Nos. 114, 116.) On June

30, 2025, Defendant filed the presently pending motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (D.E. No. 124.)

## II. LEGAL STANDARD

As a general matter, "a court cannot modify a term of imprisonment after it has been imposed without specific authorization." McMillan v. United States, 257 F. App'x 477, 479 (3d Cir. 2007). However, pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and if "after considering the factors set forth in section 3553(a) to the extent that they are applicable, [] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); United States v. Aument, 2024 WL 3717092, at *1 (3d Cir. Aug. 8, 2024).

Courts employ a two-step inquiry to determine whether a reduction of sentence is warranted under 18 U.S.C. § 3582(c)(2). At step one, a court will look to "the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon v. United States, 560 U.S. 817, 826-27 (2010). Under U.S.S.G. § 1B1.10, a court will:

> determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

At step two, the court will consider the factors listed in 18 U.S.C. § 3553(a) and determine whether a reduction in sentence is warranted "in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 826-27.

### III. DISCUSSION

Defendant seeks a sentence reduction of his 110-month sentence to 97 months under Amendment 821 of the U.S. Sentencing Guidelines, enacted on November 1, 2023. Defendant argues that under Part A of Amendment 821, his status points are reduced from two to zero, reducing his criminal history category from IV to III, thus making his new guidelines range 97 to 121 months. (Def. Mov. Br. at 5.) The Government does not dispute Defendant's calculations and eligibility for a reduction in sentence at step one of the analysis. (Gov. Opp. Br. at 2-3.) However, the Government argues that a review of the 18 U.S.C. § 3553(a) factors under step two of the analysis does not warrant a reduction of sentence. (Id. at 3-6.)

The Court agrees with both parties in finding that at step one of the Dillon analysis, Defendant is eligible for a reduction in sentence under Amendment 821 given Defendant's new guidelines range. Part A of Amendment 821 applies retroactively and modifies the way status points are calculated. Prior to the amendment, two status points were assigned to an offender who committed the offense at issue while under any criminal justice sentence, such as supervised release. Following the amendment, offenders who have six or less criminal history points according to U.S.S.G. § 4A1.1(a)-(d) are not assigned any status points. U.S.S.G. § 4A1.1.

At the time of sentencing, Defendant had six criminal history points and two status points, as Defendant committed the instant crime while out on supervised release following his release from a 51-month sentence imposed in the District of South Carolina for conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. (PSR ¶¶ 56-60.) Under

4

Amendment 821, Defendant's two status points are removed because as calculated under section 4A1.1(a)-(d), Defendant's total criminal history points is six or less and thus, Defendant is assigned no status points. This lowers Defendant's criminal history category to III, resulting in a guidelines range of 97 to 121 months.

Although Defendant has met the standard under 18 U.S.C. § 3582(c)(2) for eligibility of a reduction in sentence under step one of the analysis, the Court finds that a reduction of Defendant's sentence is not warranted when applying the 18 U.S.C. § 3553(a) factors at step two of the Dillon analysis. Among others, the 18 U.S.C. § 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" and "the kinds of sentences available" and applicable sentencing ranges. 18 U.S.C. § 3553(a)(1)-(4).

In considering whether to grant a reduction in sentence, "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition" of the original term of imprisonment. Application Note 1(B)(iii), U.S.S.G. 1B1.10. The "weighing and consideration of multiple factors, [is] expressly left to a court's discretion[.]" Styer, 573 F.3d at 155 (affirming district court's denial of sentence reduction despite defendant's eligibility under amended guidelines).

At the time of his initial sentencing, the Court determined the 110-month sentence, the bottom of the guidelines range at the time, to be sufficient and not greater than necessary. This Court affirmed the sufficiency of the sentence following the denial of Defendant's two motions for compassionate release. (D.E. Nos. 112, 116.) In its September 5, 2024 Opinion, after noting Defendant's failure to prove administrative exhaustion, this Court considered Defendant's

5

arguments concerning the length of the sentence, Defendant's age and health issues, and Defendant's rehabilitative and educational efforts, but noted that Defendant's prior motion "ignore[d] the fact that he was convicted of possession of a firearm as a convicted felon and possession of oxycodone with intent to distribute." (D.E. No. 116 at 5.) After reviewing the 3553(a) factors, this Court denied Defendant's motion for compassionate release. (Id.)

Now, Defendant asks this Court to reconsider his original sentence and asserts that status points do not predict recidivism and instead, produce overly long sentences. (Def. Mov. Br. at 6.) Defendant argues that although a criminal history calculation "is strongly associated with the likelihood of future recidivism by a defendant, the status points add little to the overall predictive value" and "status points do not meaningfully predict increased recidivism." (Id. at 7-8.) As such, "there is no reason to believe that removing the effect of [status points] for people who have already been sentenced would be linked to increased rearrests" and "there is ample reason to believe public safety would be enhanced by permitting people serving unnecessarily long sentences to return home sooner." (Id. at 8.) Defendant further notes that as he will be 50 years old in October, his likelihood of recidivism diminishes with each passing month and his "decreased risk of recidivism minimizes the need for continued incarceration" and supports the imposition of a reduced sentence. (Id. at 11.) In support, Defendant cites a 2016 report by the US Sentencing Commission ("USSC") showing "offenders released from prison ages 51 to 60 have a 24.7% rate of recidivism" compared to a 48.5% rate of recidivism for those released below the age of 21. (Id.)

However, the Court notes that a 2020 study by the USSC found that offenders who received sentences of more than 120 months were less likely to recidivate compared to a group of offenders who received shorter sentences. See United States Sentencing Commission, *Length of Incarceration and Recidivism* (April 2020). A subsequent study in June 2022 contained almost

identical findings.  See United States Sentencing Commission, *Length of Incarceration and Recidivism* (June 2022).  According to the April 2020 study, incarceration lengths of more than 60 months up to 120 months had a deterrent effect in two models, and incarceration lengths of more than 120 months had a deterrent effect in all models.  This study also controlled for various attributes.  These findings by the USSC suggest that longer sentences correlate with lower rates of recidivism and support the continuance of Defendant's original sentence.

Next, Defendant argues that his time in custody has been productive.  (Def. Mov. Br. at 11-14.)  While incarcerated, Defendant has taken classes in hopes of earning his GED and has also taken courses in trauma, emotional self-regulation, criminal thinking, and has participated in faith-based programs. (Id. at 12.)  Defendant also desires a reduced sentence to return home and care for his family, specifically his mother and nine-year old son.  (Id. at 12-13.)  The Court recognizes Defendant's efforts to best prepare for reentry into society, including his completion of various educational and faith-based courses as well as participation in BOP programming.  However, the Court finds any rehabilitation done by Defendant to be outweighed by the 3553(a) factors weighing against a reduction in sentence.

As noted in the Court's prior Opinion, the "nature and circumstances of these offenses support Defendant's continued incarceration." (D.E. No. 116 at 5.)  At the time of his arrest, Defendant's backpack contained a total of 39 bags of marijuana, a digital scale, a semi-automatic 9mm handgun loaded with 15 live rounds of 9mm ammunition in a high-capacity magazine capable of holding sixteen rounds of 9mm ammunition, and a bottle containing 118 oxycodone pills was found on Defendant. (PSR ¶ 19.) Defendant was prohibited from possessing any firearm as he had been on supervised release following a 51-month sentence for his conviction for conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin

in the District of South Carolina. (Id. ¶ 20.) It was also determined that the firearm found in Defendant's backpack had been purchased by a private citizen in North Carolina and reported stolen. (Id. ¶ 22.) Thus, the nature and circumstances of the offense support Defendant's original sentence.

In viewing the kinds of sentences available and the applicable sentencing ranges, the Court finds Defendant's original sentence to be sufficient. The initial 110-month sentence falls within the amended guidelines range of 97 months to 121 months. Defendant's eligibility for a sentence reduction here "does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." Background, U.S.S.G. § 1B1.10.

The Court further finds that the history and characteristics of the Defendant as well as the need for both specific and general deterrence weigh against a reduction in sentence. After Defendant's arrest in 2017, it was determined that he had sustained several felony convictions and re-offenses in addition to his prior conviction in South Carolina for possession with intent to distribute heroin. A review of the PSR demonstrates that Defendant's criminal history calculation understates Defendant's overall history with law enforcement. At age 16, Defendant was charged with criminal attempt of theft and receiving stolen property. (PSR ¶¶ 45-46.) He received one year of probation but was later discharged with improvement. (Id.) At age 17, Defendant was charged with receiving stolen property and eluding police and was discharged from probation with improvement. (Id. ¶ 47.) When Defendant was 19, he was arrested and convicted for burglary and received a probationary sentence. (PSR ¶ 48.) The PSR indicates multiple violations of probation for this offense. (Id.) Between the ages of 19 and 25, Defendant was charged twice with disturbing the peace and once with annoying, disturbing, or interfering with others. (Id. ¶¶

49-51.) When Defendant was 26, he was arrested and convicted for conspiracy to manufacture/distribute cocaine. (Id. ¶ 52.) At the age of 27, Defendant was charged with possession of CDS and wandering to obtain CDS. (Id. ¶ 53.) While out on probation at the age of 28, Defendant was arrested and convicted for unlawful possession of a handgun and received a sentence of three years. (Id. ¶¶ 52, 54.) At the age of 32, Defendant received the 51-month sentence in the District of South Carolina for conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin. (Id. ¶ 56.) While in custody, Defendant committed five disciplinary infractions for (i) being insolent to staff members; (ii) refusing to obey an order; (iii) being absent from assignment; (iv) lying or falsifying statements; and (v) possessing an unauthorized item. (Id.) Defendant's conduct warrants the sentence he received at initial sentencing.

Moreover, as the Government points out, Defendant has committed three disciplinary infractions while incarcerated for the instant offense. (Gov. Opp. Br. at 5.) While all three infractions are serious, the Court finds Defendant's sanction for fighting with another inmate to be significant, and notes that this latest infraction occurred only four years ago. Despite Defendant's continued participation in educational courses, the Court cannot overlook the serious infractions Defendant has committed. As a matter of both general and specific deterrence, and Defendant's own conduct, the Court is satisfied that the 3553(a) factors do not provide a basis to reduce the Court's previously imposed sentence of 110 months.

In short, Defendant's sentence reflects the seriousness of the offenses, and the 3553(a) factors do not weigh in favor of reducing Defendant's sentence. Without a sentence reduction, Defendant will reenter society in two years. At that point, Defendant will have ample opportunity to demonstrate that his rehabilitation efforts have made him a productive member of society. The

two-point reduction in criminal history points which lowers the sentencing guidelines range does not impact the Court's analysis of the 3553(a) factors which weigh against a reduction in sentence.

### IV.     CONCLUSION

For the reasons set forth above, Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), (D.E. No. 124), is DENIED.

                                                                                  s/Stanley R. Chesler
                                                               STANLEY R. CHESLER, U.S.D.J.

Dated: July 25, 2025